UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE WHITFIELD EL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-840-JD-APR |
| JACKSON, JANE DOE, NAPLES, | |
| Defendants. | |

OPINION AND ORDER

Lawrence Whitfield El, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

When Whitfield El arrived at the Westville Correctional Facility on January 17, 2025, he was suffering from a ruptured Achilles tendon. During Ramadan, in March 2025, Whitfield El received notice that he was to go to a medical appointment at an outside facility. He refused to go because it was Ramadan. Whitfield El later complained to Dr. Jackson and Naples (an administrative assistant) about his need for

surgery.[1] On September 26, 2025, Whitfield El had an appointment with Dr. Jackson. At that appointment, Dr. Jackson told Whitfield El to file his lawsuit because he will not be getting treated for his injury. Dr. Jackson blamed Whitfield El for the situation, alleging that he called the place where he was scheduled to be sent and threatened them because he wanted to receive a copy of his medical records. Whitfield El spoke with Naples, and Naples indicated that the scheduler was refusing to set the appointment for Whitfield El. Naples indicated that Whitfield El is responsible for the scheduler's unwillingness to schedule him for an appointment.

Whitfield El is suing Dr. Jackson and Administrative Assistant Naples for failing to provide him with constitutionally adequate medical treatment. He is suing Jane Doe Medical Trip Scheduler for failing to set a new medical trip. He seeks both monetary damages and medical care consistent with the requirements of the Eighth Amendment.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference

---

[1] He also complained to Nurse Practitioner Critten, but they are not listed as a defendant.

means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence does not state a claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference).

Here, Whitfield El indicates that, following his refusal to attend an appointment during Ramadan, he has received no treatment whatsoever for his condition. Giving Whitfield El the benefit of all favorable inferences, as this court must at this stage of the case, he has stated a claim against Dr. Jackson.

However, Whitfield El cannot proceed against Administrative Assistant Naples. It cannot be plausible inferred that Administrative Assistant Naples made any decisions regarding the medical care that Whitfield El would receive. He alleges only that she called someone else to schedule the procedure and that person refused to do so. These

facts do not suggest deliberate indifference on the part of Administrative Assistant Naples.

He also cannot proceed against the Jane Doe defendant, who allegedly refused to schedule Whitfield El with the outside provider. Based on Dr. Jackson's comment that Whitfield El called the place where he was scheduled to be sent and threatened them because he wanted to receive a copy of his medical records, and Administrative Assistant Naples' comment that it was Whitfield El's fault that the scheduler would not schedule an appointment for Whitfield El, it appears that the scheduler Administrative Assistant Naples contacted was employed not at the prison but at the office of the outside provider. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Because it cannot be plausible inferred from the facts contained in the complaint that the individual who refused to schedule an appointment for Whitfield El was acting under color of state law, he will not be granted leave to proceed against the Jane Doe defendant.

Because Whitfield El indicates he has a need for ongoing medical care, the Warden of the Westville Correctional Facility in his official capacity will be added as a defendant. Whitfield El will be granted leave to proceed against the warden for injunctive relief to receive care for his ruptured Achilles tendon that is consistent with the requirements of the Eighth Amendment.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant;

(2) GRANTS Lawrence Whitfield El leave to proceed against Dr. Jackson in his individual capacity for compensatory and punitive damages for failing to provide constitutionally adequate medical treatment for Whitfield El's ruptured Achilles tendon, in violation of the Eighth Amendment;

(3) GRANTS Lawrence Whitfield El leave to proceed against the Warden of the Westville Correctional Facility in his official capacity for permanent injunctive relief to receive constitutionally adequate medical care for his ruptured Achilles tendon, as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Jane Doe Medical Trip Scheduler and Administrative Assistant Naples;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden of the Westville Correctional Facility at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Jackson at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(8) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Jackson and the Warden of the Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 6, 2026

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT